HARRY B. RIDGLEY V. UNITED STATES FIDELITY & GUARANTY COMPANY.

FILED MAY 17, 1905. No. 14,052.

Law of Case. Where the supreme court has, in a proper proceeding declared a rule of law applicable to the facts, such holding will ordinarily be treated as the law of the case in all subsequent proceedings involving the determination of that question.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*L. C. Burr* and *Charles L. Burr,* for plaintiff in error.

*O. B. Polk* and *R. S. Mockett, contra.*

JACKSON, C.

This is a proceeding in error brought to reverse a judgment of the district court for Lancaster county, and is

the second appearance of the case in this court.   A complete statement of the case will be found in the former opinion, 70 Neb. 622.   In that case it was held:

"A fidelity bond for the indemnity of an employer against the dishonesty of an employee, issued on the application of the latter who pays the premium, and by him delivered to the former, which contains on its face, in addition to the contract of an indemnity, an undertaking of the employee to the obligor, and a provision that it shall not be binding on the obligor unless signed by the employee, is not binding on the obligor unless thus signed, in the absence of a showing that the signature of the employee had been waived by the obligor."

Upon the reversal of the judgment in that case in favor of the plaintiff, because of the fact that the bond was not signed by the principal as required by the conditions of the bond itself, the plaintiff filed in the district court an amended petition in which certain additional facts are pleaded, which it is claimed are established by the evidence, and are sufficient to show that the signature of the employee (the principal) on the bond was waived by the surety, and create an estoppel as against such surety from now asserting as a defense that provision of the bond which made the signature of the principal essential to its validity; and it is seriously contended by plaintiff in error that the obligation between the plaintiff and defendant in error was separate from the one between defendant in error and the principal on the bond; that it arises by reason of the employer's statements to certain inquiries submitted on behalf of the defendant in error to the plaintiff in error before the bond was executed, and that such questions and answers should be taken as the basis of the bond.   These inquiries, however, all relate to the date and amount of the bond, to the personal acquaintance of the plaintiff with the principal on the bond, and the character of the duties to be performed by such principal.   An examination of the opinion in the former hearing of this case will disclose that these questions and an-

swers were all before the court at the former hearing, and were fully considered in the opinion. The bill of exceptions allowed and considered at the former hearing of this case is made a part of the record in this hearing, and a careful examination and comparison of that bill of exceptions with the one settled and allowed at the second trial leads us to conclude that the entire issue was settled and determined by the former opinion of this court, and that the rule announced at the former hearing has become the law of the case, so that, whatever may be the personal opinion of the writer, it must be governed and controlled by the former adjudication.

We recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.